UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| MOUNT SNOW LTD., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | File No. 1:12-cv-22-jgm |
| | : | |
| ALLI, THE ALLIANCE OF ACTION SPORTS, | : | |
| NBC UNIVERSAL MEDIA, LLC, | : | |
| NBC SPORTS VENTURES LLC, | : | |
| | : | |
| Defendants. | : | |
| | : | |

### RULING ON DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW
(Doc. 178)

Plaintiff Mount Snow Ltd. (Plaintiff or "Mount Snow") sued ALLI, the Alliance of Action Sports, NBC Universal Media, LLC, and NBC Sports Ventures LLC (collectively, Defendants or "Alli") following Defendants' decision to relocate the east coast 2011 Winter Dew Tour stop, a weekend skiing and snowboard event that had been hosted at Mount Snow in 2009 and 2010.[1] (Doc. 31.)  A jury trial was held May 5-8, 2014.  After the close of evidence, the Court deferred judgment on Alli's motion for judgment as a matter of law pertaining to application of the statute of frauds.  The jury returned a verdict for Mount Snow on its breach of contract and breach of the implied covenant of good faith and fair dealing claims.  (Doc. 169.)  The parties filed memoranda on the outstanding issue of the applicability of the statute of frauds, Vt. Stat. Ann. tit. 12, § 181, in light of the jury finding that the contract was made January 28, 2010 (Doc. 169 at 2).  See Docs. 178, 181,

---

[1] For a more thorough recitation of the facts, see the Court's ruling on the parties' cross-motions for summary judgment.  (Doc. 102.)

183.[2]  Having considered the memos and evidence presented at trial, the Court concludes, as a matter of law, the Vermont statute of frauds does not bar enforcement of the contract.

The jury determined Mount Snow and Alli made an express contract regarding the 2011 Winter Dew Tour event.  (Doc. 169 at 1.)  The jury then found the specific date the parties made the contract was January 28, 2010.  Id. at 2.

The Vermont Statute of Frauds provides:  "An action at law shall not be brought in the following cases unless the promise, contract or agreement upon which such action is brought or some memorandum or note thereof is in writing, signed by the party to be charged therewith," and includes "[a]n agreement not to be performed within one year from the making thereof."  Vt. Stat. Ann. tit. 12, § 181.  No copy of the agreement signed by an Alli representative was introduced at trial.

The agreement was capable of being performed within a year because the staging of the 2011 Winter Dew Tour on a weekend prior to January 28, 2011, such as January 8-9 -- a period suggested in the contract, Tr. Ex. P-11 at 2 -- would have been such performance.  The possibility is enough to take the unsigned contract out of the statute.  See Frigon v. Whipple, 360 A.2d 69, 70 (Vt. 1976); Beattie v. Traynor, 49 A.2d 200, 202 (Vt. 1946) ("[A]n oral agreement which, according to the intention of the parties, as shown by the terms of the contract, might be fully performed within a year from the time it was made, was not within the statute, although the time of its performance was uncertain, and might probably extend, and be expected by the parties to extend,

---

[2] Defendants' filing was styled a Rule 50(b) motion for judgment as a matter of law (Doc. 178), but otherwise complied with the Court's order to submit a five page memorandum (Doc. 173).  Plaintiff's response in opposition to the Rule 50(b) motion and its memorandum regarding the statute of frauds was ten pages -- under the fifteen page limit allowed by Local Rule.  Doc. 181, D. Vt. L.R. 7(a)(4)(B).  Defendants then filed a two page reply, also in accordance with Local Rule.  Doc. 183, D. Vt. L.R. 7(a)(5).  As the Court's Order neither requested a new Rule 50(b) motion, nor provided for the opportunity to reply to the requested memos, the Court will consider all of the filed documents.

and did in fact extend, beyond the year."). Mount Snow also points out the 2011 Winter Dew Tour was hosted at Killington on January 20-23, 2011. Accordingly, notwithstanding that Alli did not sign the contract, the Vermont Statute of Frauds does not bar Mount Snow's action.

Mount Snow also argues the unsigned contract is unaffected by the statute of frauds because it contained a mutual termination provision. (Doc. 181 at 5-6.) Mount Snow points to a [recent] Second Circuit Court of Appeals decision noting: "If [] an oral agreement expressly provides that it may permissibly be terminated within one year by either party, such a termination is considered performance, rather than a breach; and such an agreement is not within the Statute of Frauds." S. Cherry St., LLC v. Hennessee Group LLC, 573 F.3d 98, 105 (2d Cir. 2009). The same section of the unsigned contract suggesting dates for the 2011 event also contains a termination clause stating: "[E]ither party may terminate the portion of this agreement pertaining to hosting the 2011 [Winter Dew Tour] if it notifies the other party no later than 60 days after the completion of the 2010 [Winter Dew Tour] held at Mount Snow." Tr. Ex. P-11 at 2. Because the 2010 Winter Dew Tour was hosted at Mount Snow on February 4-7, 2010 (Doc. 102 at 3), either party's election to terminate the agreement under the mutual termination clause would necessarily occur within one year of the January 28, 2010 contract formation.

Defendants point out the South Cherry Street court interprets New York's statute of frauds. (Doc. 183 at 2.) While true, the distinction is irrelevant. First, the New York and Vermont statutes of frauds differ only slightly in wording. Compare N.Y. Gen. Oblig. Law § 5-701 with Vt. Stat. Ann. tit. 12, § 181. Second, under Vermont law, contracts with a termination provision that may be invoked within a year are outside the coverage of the statute of frauds. See Beattie v. Traynor, 49 A.2d 200, 202 (Vt. 1946) (citing Sherman v. Champlain Transp. Co., 31 Vt. 162 (1858) ("where the consummation of the contract depends upon the election of one party, or any other contingency which may happen within the year, the statute of frauds has no application" (emphasis in original))).

For the additional reason that the unsigned contract contained a mutual termination clause that was required to be exercised within a year of the contract formation, and such exercise would end the contract within the year, the Vermont statute of frauds does not apply to the express agreement between Mount Snow and Alli.[3]

For the above reasons, the remainder of Defendants' motion for judgment as a matter of law made orally at trial is DENIED, and Defendants' renewed motion for judgment as a matter of law filed following trial (Doc. 178) is DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 15th day of July, 2014.

/s/ J. Garvan Murtha_____
Honorable J. Garvan Murtha
United States District Judge

---

[3] This line of reasoning also forecloses Defendants' argument regarding the obligation to maintain insurance through the term of the agreement, which Defendants assert was thirteen months, from January 28, 2010 to February 28, 2011. See Doc. 178 at 4-5; Doc. 183 at 2.